# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SYLVIA JEAN WILLETT, also known as Jean Meeks Willett,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-31-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sylvia Jean Willett pleaded guilty to one count of conspiracy to commit health care fraud and to six counts of health care fraud. Willett appeals the sentence imposed, arguing that the district court erred in applying a leadership enhancement pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a) (2011) because she was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's § 3B1.1 determination for clear error.  *United States v. Scroggins*, 485 F.3d 824, 834 (5th Cir. 2007).

In her sole point of error, Willett argues that the government failed to show that her employees were willing participants in her criminal activity and that the activity was otherwise extensive.  "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted."  U.S.S.G. § 3B1.1, cmt. n.1 (2011).

The district court's application of the enhancement was not clearly erroneous.  Willett, through her two companies, charged insurance companies for medical equipment that doctors did not order and that their patients did not receive.  The record reflects that to facilitate the fraud, Willett directed at least five employees to alter, change, or falsify documents and invoices.  The employees removed product code stickers that doctors had placed on documents and replaced them with codes for more expensive equipment.  The employees also obliterated product codes and wrote in new codes that were provided by Willett.  Employees used photocopied doctors' signatures and, at times, forged the signatures themselves.  Willett's employees knew that these activities were wrong and also knew that their activities formed the basis for insurance claims.  Accordingly, a finding that there were five or more participants in the health care fraud was plausible in light of the record as a whole.  *See United States v. Dadi*, 235 F.3d 945, 952 (5th Cir. 2000).  The judgment of the district court is AFFIRMED.